**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

ERICK NINO ALARCON, for himself and on behalf of those similarly situated,

    Plaintiff,

vs.

Case No.:

CAFÉ VICO, INC., a Florida Profit Corporation; VICO GALT OCEAN L.L.C., a Florida Limited Liability Company, doing business as VICO KITCHEN BAR; and MARCOS RODRIGUES, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERIC NINO ALARCON, ("Plaintiff"), for himself and on behalf of those similarly situated, hereby files this Verified Complaint against Defendants, CAFÉ VICO, INC., a Florida Profit Corporation ("Café Vico"); VICO GALT OCEAN L.L.C., a Florida Limited Liability Company, d/b/a VICO KITCHEN BAR, ("Vico Galt Ocean"); and MARCOS RODRIGUES, Individually ("Rodrigues") (collectively "Defendants"), and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain a judgment against Defendant as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue is proper in this Court because Plaintiff resides within the District, Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

## INTRODUCTION

4. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. §206, and 29 U.S.C. §207.

5. The Defendants in this case violated the FLSA by failing to pay Plaintiff and other similarly situated servers the proper minimum wage and overtime compensation for all hours worked.

6. This action is intended to include each and every hourly-paid server and bartender who worked for Café Vico and Vico Galt Ocean within the past three (3) years.

7. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

## PARTIES

8. At all times material to this action, Plaintiff was, and continues to be, a resident of Broward County, Florida.

9. At all times material to this action, Defendant, Café Vico was and continues to be a Florida Profit Corporation. Further, at all times material to this action, Defendant, Café Vico was, and continues to be, engaged in business in Florida, doing business, in Broward County, Florida.

10. From at least 2021 to present, Defendant, Vico Galt Ocean was and continues to be a Florida Limited Liability Company. Further, from at least June 2021 to present, Defendant, Vico Galt was, and continues to be, engaged in business in Florida, doing business, in Broward County, Florida.

2

11. Defendant, Café Vico is currently listed with the Florida Department of State, Division of Corporations, as an "Active" business, at 1125 North Federal Highway, Fort Lauderdale, FL as its principal address. *See* Corporation search result attached hereto as **Exhibit A**.

12. Defendant, Vico Galt Ocean is currently listed with the Florida Department of State Division of Corporations, as an "Active" business. Its principal address is identical to Café Vico, listed at 1125 North Federal Highway, Fort Lauderdale, FL 33304. See Corporation search result attached hereto as **Exhibit B**.

13. Upon information and belief, Vico Galt Ocean is an active business which operates Vico Kitchen Bar at **3496 North Ocean Blvd, Fort Lauderdale, FL 33308** (an area also known as Galt Ocean Mile). *See* Café Vico website About Us page, at https://www.cafevicorestaurant.com/, last visited March 6, 2023, a true and correct copy of which is attached as **Exhibit C**.

14. Upon information and belief, the corporate Defendants share the same owner (Defendant Rodrigues), maintain a common business purpose of operating restaurants under the "Vico" brand, share a website, and operate pursuant to the same policies and procedures. *See* Exhs. A, B, and C. torturous

15. Based on information and belief, at all times material hereto, Defendant Rodrigues was and continues to be a resident of Broward County, Florida.

16. At all times material hereto, Defendant Rodrigues was, and continues to be registered as registered agent/president/secretary/treasurer/director of Café Vico and registered agent and manager of Vico Galt Ocean. *See* Exhs. A and B.

17. At all times material hereto, Defendant Rodrigues managed/manages the day-to-

day operations of Café Vico and Vico Galt Ocean and regularly exercised/exercises the authority to: (a) hire and fire employees of Café Vico and Vico Galt Ocean; (b) determine the work schedules for the employees of Café Vico and Vico Galt Ocean; and (c) control the finances and operations of Café Vico and Vico Galt Ocean.

18. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of Café Vico and Vico Galt Ocean; (b) determine the work schedules for the employees of Café Vico and Vico Galt Ocean; and (c) control the finances and operations of Café Vico and Vico Galt Ocean, Rodrigues is an employer as defined by 29 U.S.C. 201 *et. seq.*

19. Further, at all times material hereto, Rodrigues was and continues to be the principal owner and operator of Café Vico and Vico Galt Ocean, acting in Café Vico and Vico Galt Ocean's common interest in directing the work of Plaintiff and other servers and bartenders.

20. At all times material to this action, Plaintiff was an "employee" of Defendants Rodrigues and Café Vico within the meaning of the FLSA.

21. At all times material to this action, Defendants Rodrigues and Café Vico were Plaintiff's "employer" within the meaning of the FLSA.

22. Upon information and belief, from at least 2021 to present, Café Vico and Vico Galt Ocean were Plaintiff's "integrated employer" under the FLSA, because they have; (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

23. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

24. At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" and/or an enterprise engaged in the "handling, selling, or

otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

25. Based upon information and belief, the annual gross revenue of Defendants, Café Vico and Vico Galt Ocean were in excess of $500,000.00 per annum in each of the three years preceding the filing of the Complaint in this action.

26. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, kitchen equipment, and imported beer and wine, which were used directly in furtherance of Defendants' commercial activity of running two restaurants.

27. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

28. In 2015, Defendants Café Vico and Rodrigues hired Plaintiff to work as a non-exempt hourly-paid server and occasional bartender at the North Federal Highway location.

29. Plaintiff's job duties, like the other service staff, were serving food and drinks to customers.

30. Plaintiff was hired at a rate of $5.05 per hour, which was then the tipped minimum wage. His direct wage rate never exceeded $5.60 per hour until October 2022. Thereafter, Defendants began paying Plaintiff $7.98 per hour, until the end of his employment on January 8, 2023.

31. More specifically, from at least 2018 to July 4, 2021, Plaintiff was paid a direct wage rate of $5.10 per hour.

32. From July 5, 2021, through at least the end of September 2022, Plaintiff was paid a direct wage of $5.60 per hour.

33. Plaintiff attaches hereto as **Exhibit D** paystubs received from Defendants for workweeks dated 2/24/2020-3/1/2020, 12/13/2021-12/19/2021, and 6/27/2022-7/3/2022, showing payment of these wage rates.

34. The rates described in paragraphs 26 and 27 were, at the time they were paid, lower than the lowest lawful minimum wage applicable to tipped employees in Florida.

35. Specifically, the lowest lawful tipped minimum wage rates in Florida were $5.23 in 2018; $5.44 in 2019; $5.54 in 2020; $5.62 from January 1, 2021, through September 29, 2021; $6.98 from September 30, 2021 through September 29, 2022; and $7.98 from September 30, 2022 through the present.

36. Because Defendants claimed more in tip credit than was allowable, Defendants could not have given proper notice of intention to claim a tip credit under the FLSA.

37. In addition, the only purported notice of the tip credit ever provided to Plaintiff and his fellow servers and bartenders was the inclusion on some (but not all) wage statements noting that "The difference on minimum wage is the tip credit."

38. This conclusory sentence fragment does not meet the requirements to provide notice of intention to take tip credit under the FLSA.

39. Defendants did not allow Plaintiff to retain all of his tips.

40. Defendants retained a portion of Plaintiff's earned tips, as well as the a portion of the earned tips of all of the other servers and bartenders who worked for Defendants.

41. These tips were the property of, and should have been retained by, Plaintiff and his fellow servers and bartenders.

42. Plaintiff and other servers and bartenders were required to hand their cash tips over to Defendants, including by having to turn them in to Defendant Rodrigues' wife.

43. On several occasions Plaintiff witnessed Defendant Rodrigues' wife take servers' and bartenders' earned tips and place them in her backpack, and leave without ever distributing those monies to other tipped employees who were purportedly supposed to be the recipients of any pooled tips from Defendants' mandatory tip pool.

44. On at least one specific occasion in the last three years (Valentine's Day 2022), Plaintiff knew that his share of the tips was supposed to be higher than what he received, because he and all of his fellow servers were told the amount that they would receive, but what they actually received was lower.

45. When Plaintiff asked Defendant Rodrigues why the tips were too low, Defendant Rodrigues told him that it was because part of the tips had gone to pay the kitchen staff.

46. When Plaintiff complained that it was unlawful to share tips with the kitchen staff, Defendant Rodrigues remarked that the kitchen staff works hard, and it is his restaurant, and he can do what he wants.

47. Upon information and belief, these policies and requirements regarding Defendants' retention and/or misappropriation of tips applied equally to all servers and bartenders (hereafter "similarly situated employees").

48. By virtue of Defendants' misappropriation of a portion of its bartender/server employees' tips, Defendants were not entitled to take a tip credit. Rather, Defendants were/are required to pay Plaintiff and other servers and/or bartenders, the full, regular minimum wage.

49. Under the FLSA, an employer who fails to provide information required by section 203(m), regarding the tip-credit, cannot use the tip credit provisions and therefore must

pay the tipped employee at least the full minimum wage, and allow the tipped employee to keep all tips received.

50. Defendants did not provide their bartenders/servers the notice required by Section 203(m) of the FLSA.

51. Due to their improper appropriation of bartenders/servers' tips to Defendants, and failure to provide the notice required by Section 203(m), Defendants were not entitled to take any tip credit, and failed to pay Plaintiff and the other tipped employees similarly situated to Plaintiff at least the applicable minimum wage.

52. In addition, during the applicable limitations period, Defendants paid an hourly wage to servers and bartenders which was lower than even the lowest lawful tipped minimum wage in Florida, until at least October 2022.

53. Due to Defendants' practices, Plaintiff and those similarly situated did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

54. Plaintiff and those similarly situated were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

55. Plaintiff and those similarly situated were/are entitled to the Florida minimum wage pursuant to 29 C.F.R §778.5.

56. Defendants have a common pay policy and/or pay practice which violates the FLSA's minimum wage and tip credit provisions and therefore fail to pay certain hourly employees at least the statutory minimum wage for all hours worked per week as a result of:

    a. Failing to provide the notice required by Section 203(m);

    b. Requiring their bartenders/servers to share tips with Defendants; and

  c.  Failing to pay even the lowest lawful tipped minimum wage, regardless of any improper tip sharing or failure to provide notice of the tip credit.

57. Because Defendants took a tip credit without proper notice, and retained tips for unlawful purposes, Defendants are not permitted to claim the tip credit, and must re-pay Plaintiff, and those similarly situated opt-in Plaintiffs who join this action by filing consents to join, the amount of any tip credit claimed.

58. Because Defendants engaged in a mandatory tip pool in which monies were distributed to individuals other than tipped employees, Defendants must disgorge to Plaintiff, and those similarly situated opt-in Plaintiffs who join this action by filing consents to join, the amount of any tips withheld from distribution to tipped employees.

59. Due to Defendants' unlawful practices described herein, Plaintiff and those similarly situated did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

60. Defendants also maintained unlawful policies and practices pursuant to which they failed to pay servers and bartenders proper overtime premiums.

61. Defendants failed to pay overtime premiums to servers and bartenders, even when paying them for over forty hours per week.

62. The paystubs at **Exhibit D** also serve as examples of workweeks in which Plaintiff was paid only at his regular rate of pay for all hours, including hours over forty.

63. In addition, Defendants would often assign Plaintiff to work a double shift, and require he clock out and continue to work his second shift off-the-clock.

64. Defendants also manually removed hours from Plaintiff's time.

65. When Plaintiff complained about not being paid for all of his hours, and not

being paid overtime premiums, Defendant Rodrigues replied to the effect that he (Defendant Rodrigues) is friends with many lawyers, Judges, and police officers, such that complaining would be a futile exercise.

66. In various workweeks in the three years preceding the filing of this Complaint, Plaintiff and those similarly situated worked for Defendants in excess of forty (40) hours within a workweek.

67. Defendants did not compensate Plaintiff or those similarly situated at one and one-half times the minimum allowable rate of hourly pay for their overtime hours, or at time and one-half of any other amount that is determined to be the "regular rate of pay."

68. In fact, Defendants paid no overtime premiums to Plaintiff and those similarly situated at all.

69. Due to the policies and practices described above, during the three yours preceding the filing of this Complaint, Defendants failed to compensate Plaintiff and those similarly situated at a rate of one and one-half their regular rate of pay, or even at the minimum allowed overtime rate of pay, for all hours worked in excess of forty (40) hours in a single workweek.

70. Plaintiff and those similarly situated who worked for Defendants in the three years prior to the commencement of this lawsuit should be compensated at the rate of one and one-half times their regular rate of pay for those hours that they worked in excess of forty (40) hours per workweek.

71. This amount, at a minimum, be one and a half times the lowest lawful minimum wage, as required by the FLSA.

72. Defendants have violated Title 29 U.S.C. §203, 206, during the three years preceding the filing of the Complaint in this matter, in that:

   a. Defendants have failed to pay Plaintiff and those similarly situated proper minimum wage for all of the hours worked for Defendants as required by the FLSA;

   b. Defendants unlawfully retained tips that were the property of Plaintiff and those similarly situated; and

   c. No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated at a rate equal to the applicable minimum wage, for all hours worked.

73. Defendants have violated Title 29 U.S.C. §207 during the three years preceding the filing of this Complaint, in that:

   a. Plaintiff and those similarly situated worked in excess of forty (40) hours per workweek during their employment with Defendants; and

   b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA, which rate must, at a minimum, be no less than one and one-half times the lowest lawful minimum wage.

74. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper minimum wage and overtime compensation with respect to Plaintiff and those similarly situated, as Defendants knew or with reasonable diligence should have known that Plaintiff and other bartenders and/or servers should be paid at least the minimum wage for all hours worked; and that these employees were not exempt and are entitled to be paid for all of their overtime hours at an overtime rate.

75. Defendants' failure to pay proper overtime was knowing or in reckless disregard of the law. Plaintiff complained about these violations, and Defendants did nothing to rectify them. Further, Defendants' own documents show a specific awareness of an obligation to pay

overtime premiums, as some mention the word "overtime," yet none were paid.

76. The willfulness of Defendants' actions is further demonstrated by the fact that both Defendant Rodrigues and Café Vico were previously sued in 2015 for failure to pay proper minimum wages, failure to pay proper overtime, and for retaliatory discharge when the plaintiff in that case complained about not being paid his lawful wages. *See Bou-Merhiu v. Café Vico, Inc, et al.,* 0:15-cv-62596-KMM (S.D. Fla. 2015).

77. Instead of complying with the law after being sued, Defendants continued to flagrantly violate the minimum wage and overtime provisions of the FLSA.

78. Based upon information and belief, including having spoken with at least one employee at Vico Galt Ocean, Plaintiff alleges that the same policies and practices alleged herein are applicable at both locations.

79. Plaintiff plans to serve discovery in order to ascertain the damages at issue as to the collective at issue, and based on that data submit a demand letter under the Florida Minimum Wage Act ("FMWA") to Defendants for damages to the class of individuals affected, as the unlawful activity described herein as to the failure to pay minimum wages also violates Florida law.  Upon expiration of the deadline to make payment to the class for these damages, to the extent Defendants have not done so, Plaintiff will amend his Complaint to assert class action claims under the FMWA.

## COLLECTIVE ACTION ALLEGATIONS

80. Plaintiff and the putative collective members are all servers and bartenders in Defendants' location at 1125 North Federal Highway, Fort Lauderdale, FL 33304 and/or at 3496 North Ocean Blvd, Fort Lauderdale, FL 33308, and performed the same or similar job duties as one another in that they provided food and beverage services to Defendants' patrons.

81. Plaintiff and the putative collective members were subjected to the same pay provisions in that they were all paid a wage lower than the lowest lawful tipped minimum wage until at least October 2022, did not receive proper notice of Defendants' intention to claim a tip credit, and were subject to unlawful sharing of a mandatory tip pool.

82. Plaintiff and the putative collective members were subjected to the same pay provisions in that they were all subject to Defendants' policy and practice of not paying overtime for hours over forty in a workweek, as required by the FLSA, such that they were deprived of proper overtime premiums owed under the law.

83. Defendants' uniform method of payment to Plaintiff and the putative collective members resulted in a violation of the FLSA tip credit provisions and a failure to pay Plaintiffs and the putative collective members the required minimum and overtime wages due.

84. These policies and practices were equally applicable to Plaintiff and the putative collective members.

85. Accordingly, the putative collective members are properly defined as:

> **All "Bartenders and Servers" who worked for Defendants at 1125 North Federal Highway, Fort Lauderdale, FL 33304 and/or 3496 North Ocean Blvd, Fort Lauderdale, FL 33308 in the three years prior to the date the Complaint in this matter was filed.**

86. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum and overtime wages with respect to Plaintiff and the putative collective members.

## COUNT I
## RECOVERY OF MINIMUM WAGES

87. Plaintiff incorporates and adopts all allegations contained within Paragraphs 1-86 above.

88. Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each hour worked during their employment with Defendants.

89. In the three years preceding the filing of the Complaint in this action, Defendants failed to pay Plaintiff, and those similarly situated, the applicable minimum wage for each hour worked for Defendants.

90. Defendants failed to provide proper notice of their intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m).

91. Defendants shared tips from a mandatory tip pool with non-tipped employees, in violation of the FLSA.

92. Because of these policies, Defendants violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff, and those similarly situated, have not been paid the full minimum wage for each hour worked during their employment.

93. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

94. Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

95. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper minimum wage for each hour worked because they were subject to the same unlawful policies and practices described above to which Plaintiff was subject.

96. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages,

as well as payments of tip monies to non-tipped employees, for one or more weeks of work with Defendants.

97. As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them, in addition to disgorgement of tips unlawfully distributed.

98. Defendants knew or reasonably should have known their conduct violated the FLSA.

99. Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

100. Plaintiff incorporates and adopts all allegations contained within Paragraphs 1-86 above.

101. In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiff and other bartenders/servers worked hours in excess of forty (40) hours for which Plaintiff and other bartenders/servers were not compensated at the statutory rate of one and one-half times the applicable minimum wage.

102. Plaintiff and other bartenders/servers were, and are, entitled to be paid at the statutory rate of one and one-half the applicable minimum wage for all hours worked in excess of forty (40) hours in a workweek.

103. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and other bartenders/servers at the statutory rate of one and one-half times their lowest lawful rate of pay for all hours in excess of forty (40) hours per workweek when they knew, or reasonably should

have known, that same was due, including because Defendants have been sued before for violation of the minimum wage and overtime provisions of the FLSA.

104. During the three years preceding the filing of the Complaint in this matter, other bartenders/servers were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiff proper overtime wages at one and one-half their regular rate of pay for such hours, pursuant to a policies, plans, and practices which were equally applicable to all bartenders/servers.

105. Due to Defendants' unlawful acts, Plaintiff and those similarly situated suffered and continue to suffer damages and lost compensation for certain hours worked over forty (40) hours in one or more workweeks.

106. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated, requests an Order granting conditional certification pursuant to Section 216(b) of the FLSA, of a class of the bartender/servers who worked for Defendants in the three years preceding the filing of the complaint; an Order permitting Notice to all potential class members; a Declaration that Defendants' policies violate the FLSA; entry of judgment in favor of Plaintiff and those similarly situated, and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 9th day of March, 2023.

/s/ Angeli Murthy
Angeli Murthy, Esq., B.C.S.
Florida Bar No.: 088758
Morgan & Morgan, P.A.
8151 Peters Road
Suite 4000
Plantation, Florida 33324
Telephone: (954) 327-5369
Facsimile: (954) 327-3016
Email: amurthy@forthepeople.com
*Trial Attorneys for Plaintiff*